UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY COSBY,

        Plaintiff,

    v.

AUTOZONE, INC., JIM KULBACKI
and DOES 1-100, inclusive,

        Defendants.
_____/

NO. CIV. S-08-505 LKK/DAD

O R D E R

    Plaintiff in this action has brought suit against Autozone, Inc., his former employer, and Jim Kulbacki, his former supervisor, for alleged unlawful actions taken against him during the course of his employment. On May 27, 2008, the court held a scheduling conference in this matter. Based on representations in plaintiff's status report that defendant Kulbacki was a resident of California, the court subsequently ordered the parties to file evidence of the court's jurisdiction over the case.

    Based on those filings, the court concludes that defendant

1

Kulbacki was fraudulently joined and hereby dismisses him from this action.

## I. BACKGROUND AND ALLEGATIONS

According to plaintiff's verified compliant, he was employed by defendant Autozone from August 1993 to 2006. Defendants' Notice of Removal Ex. D (Plaintiff's Verified Complaint for Damages) ¶ 6. At the time of his termination, he held the position of District Manager. Id. Beginning in 2005, the plaintiff began experiencing medical problems, necessitating his missing work to recover and to attend medical appointments. Id. ¶¶ 9-10. Eventually, he was diagnosed with narcolepsy. Id. ¶ 15.

In October 2005, plaintiff alleges that his supervisor, defendant Kulbacki, informed him that he needed to remain at work even if he was sick. Id. ¶ 12. The following month, Kulbacki conducted a performance review of plaintiff, during which time he again criticized the plaintiff for his absences from work. Id. ¶ 13. In January 2006, Kulbacki allegedly criticized plaintiff for being too ill to conduct a tour of his district for Autozone's Vice President. Id. ¶ 14. Shortly thereafter, plaintiff's driver's licence was suspended for thirty days after he had fallen asleep while driving. Id. ¶ 15. Kulbacki refused to allow plaintiff to work from home during this time and plaintiff was placed on a leave of absence. Id. ¶¶ 16-17.

While plaintiff was on leave, defendants gave plaintiff a "Corrective Action Review," essentially a warning about his work quality. Id. ¶ 19. According to plaintiff, this was based on his

non-performance of certain job duties while on leave. Id. ¶ 18. When plaintiff returned from the leave, he received his mid-year evaluation. Id. ¶ 20. In it, Kulbacki rated plaintiff as "needs improvement," in part for not performing certain tasks while on his leave of absence. Id. Believing this unfair, plaintiff refused to sign the evaluation and requested a meeting with a human resources representative or Kulbacki's supervisor. Id. ¶ 22. That meeting never occurred. Id. ¶ 23. Over the next several months, plaintiff's job performance improved. Id. ¶ 25. Nevertheless, on September 6, 2006, plaintiff's employment was terminated, on the grounds that the stores in his district were in poor condition. Id. ¶ 26.

Plaintiff brought suit in state court against Autozone for discrimination, harassment, failure to engage, failure to accommodate and retaliation in violation of California Government Code § 12940, and wrongful termination. He also named Kulbacki as a defendant in his claims for disability harassment (second cause of action) and retaliation (sixth cause of action).

Defendant Autozone is incorporated in Nevada and has its principal place of business in Tennessee. Notice of Removal ¶ 7. Defendant Kulbacki is a resident of California. Id.

## II. STANDARD

Civil actions not involving a federal question are removable to a federal district court only if there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). Section 1332 requires that there be complete diversity; that is, each plaintiff's citizenship must be diverse as to each defendant's

citizenship. Id. A defendant may remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis for suing that defendant, or in other words, when that defendant has been fraudulently joined. McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

"'If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'" Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.1998) (quoting McCabe, 811 F.2d at 1339). Where a non-diverse defendant has been "fraudulently joined" to an otherwise completely diverse case, that defendant is disregarded for diversity jurisdiction purposes. See, e.g., Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003).

In order to establish that a non-diverse defendant has been fraudulently joined, the removing party carries the heavy burden of establishing the absence of any possibility of recovery. Ritchey, 139 F.3d at 1318. The claim of fraudulent joinder must be supported by clear and convincing evidence. Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). In determining whether a non-diverse defendant has been improperly joined, courts may look beyond the pleadings and examine the factual record. McCabe, 811 F.2d at 1339.

The court must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. Macey v. Allstate Prop. & Cas. Ins. Co.,

4

220 F. Supp. 2d 1116, 1117-18 (N.D. Cal. 2002). If, after doing so, there is any possibility that the non-removing party may recover against the party whose joinder is questioned, the court must grant the motion to remand since complete diversity of citizenship and thus federal jurisdiction is lacking. Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1012 (N.D. Cal. 2001).

### III. ANALYSIS

The plaintiff alleged two causes of action against defendant Kulbacki: disability harassment in violation of Government Code § 12940(j) and retaliation in violation of Government Code § 12940(h). As explained below, these claims must be dismissed against defendant Kulbakci.

**A.   Disability Harassment**

In his second cause of action, the plaintiff alleges that Kulbacki unlawfully "denied Plaintiff reasonable accommodations, mishandled and delayed approval of Plaintiff's requests for accommodation, refused to interact with Plaintiff, subjected Plaintiff to unjustified criticism, callously disregarded his disability and ultimately terminated Plaintiff's employment." Complaint ¶ 36. Even construing the allegations in the light most favorable to the plaintiff, they encompass only the type of acts for which an action for harassment will not lie. Under California law, harassment under Government Code § 12940 (the Fair Employment and Housing Act, or "FEHA") encompasses acts that fall outside the scope of the defendant's job duties. As the California Supreme Court explained,

5

> [T]he Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support . . . do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment.

Reno v. Baird, 18 Cal. 4th 640, 646-47 (1998).

Here, the allegations of harassment that the plaintiff has made against Kulbacki include only Kulbacki's management and personnel decisions regarding plaintiff. See Complaint ¶¶ 12-17, 20, 36. As a matter of law, such allegations do not permit plaintiff's recovery against Kulbacki for harassment.

**B.   Retaliation**

In his sixth cause of action, plaintiff alleges that defendants Autozone and Kulbacki unlawfully retaliated against him by terminating him after he requested accommodations for his disability. Complaint ¶ 52. As a matter of law, this claim cannot succeed against Kulbacki. Under California law, employers may be liable for retaliation under the FEHA, but non-employer individuals working for the employer, including supervisors, may not be held personally liable under FEHA for their role in that retaliation. Jones v. Lodge at Torrey Pines P'ship, 42 Cal. 4th 1158 (2008). As such, defendant Kulbacki must be dismissed from this cause of action

Accordingly, because plaintiff has alleged no cause of action that would permit recovery against Kulbacki, the court concludes

that he is fraudulently joined and therefore that jurisdiction is proper.

## IV. CONCLUSION

For the reasons stated herein, defendant Jim Kulbacki is DISMISSED from this action.

IT IS SO ORDERED.

DATED: July 23, 2008

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7