```
                    UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA


RANDY COSBY,
                                        NO. CIV. S-08-505 LKK/DAD
          Plaintiff,

     v.
                                              O R D E R
AUTOZONE, INC., JIM KULBACKI
and DOES 1-100, inclusive,

          Defendants.
                                    /
```

On November 12, 2009, plaintiff filed objections to the tentative pretrial order issued by the court on October 29, 2009. Plaintiff requested that the court add three disputed factual issues, one point of law, and numerous discovery documents. Plaintiff also requests that the court replace the exhibit list filed in the tentative order.

Defendants oppose the addition of two of the three disputed factual issues (Nos. 55 and 56) and the point of law. They argue that plaintiff seeks to add new claims to his case. Defendants

1

1 contest the following additions to the pretrial order:
2        <u>DISPUTED FACTUAL ISSUES</u> . . .
3    55.  Whether or not AutoZone engaged in a pattern of
4         retaliation against employees who engaged in
5         protected activities? . . .
6    56.  Whether or not Randy Cosby's termination was part
7         of an annual scheme to terminate all employees
8         engaged in protected activities within the
9         Sacramento Region? . . .
10        <u>POINTS OF LAW</u> . . .
11    (e)  The elements, standards, and burdens of proof of a
12         claim for failure to prevent discrimination and
13         retaliation under the FEHA under the facts and
14         circumstances of this case.
15 Plaintiff's Objections to Tentative Pretrial Conference Order at
16 1-2. Defendants argue that plaintiff is "attempting to add a
17 'pattern-or-practice' retaliation claim." Defendant's Response to
18 Plaintiff's Objections to Tentative Pretrial Conference Order at
19 1. With respect to the factual disputes plaintiff seeks to add,
20 defendants state that (1) plaintiff did not allege a pattern or
21 practice in his complaint, (2) no discovery was conducted
22 concerning the factual disputes, and (3) plaintiff did not mention
23 a patter or practice in his pretrial statement. <u>Id.</u> at 2.
24 Similarly, with respect to the point of law, defendants state that
25 plaintiff did not allege a failure to prevent retaliation in his
26 complaint or in his pretrial conference statement. <u>Id.</u> Plaintiff

1  has not had an opportunity to respond to defendants' arguments. For
2  this reason, the court orders that plaintiff shall file within ten
3  days of this order a response to defendant's arguments.
4      Defendant also argues that this court should not allow
5  plaintiff to amend his exhibit list. However, the court explicitly
6  instructed plaintiff at the pretrial conference to file any
7  amendments to his exhibit list in his objections to the tentative
8  pretrial order. For this reason, the court will replace the exhibit
9  list in the pretrial order as requested.
10     Finally, plaintiff seeks to include discovery documents in the
11 pretrial order. However, at the pretrial conference, plaintiff's
12 counsel indicated that he only sought to enter discovery documents
13 for the purpose of cross-examination. For this reason, the court
14 did not include the list of discovery documents included in
15 plaintiff's pretrial statement, and rather stated, "Neither party
16 presently intends to tender [any discovery document] in evidence
17 except upon cross-examination." Therefore, the court orders
18 plaintiff to clarify whether he intends to tender discovery
19 documents for any other purpose within ten (10) days of this order.
20     For the foregoing reasons, the court ORDERS that plaintiff
21 must file a response to defendants' arguments concerning proposed
22 Disputed Factual Issues Nos. 55 and 56 and proposed Point of Law
23 (e) within ten (10) days of this order.
24     The court further ORDERS plaintiff to clarify within ten (10)
25 days whether he intends to tender discovery documents for any other
26 ////

3

purpose than cross-examination within ten (10) days of this order.

IT IS SO ORDERED.

DATED: November 23, 2009.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4