UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY COSBY,

        Plaintiff,

   v.

AUTOZONE, INC., JIM KULBACKI and DOES 1-100, inclusive,

        Defendants.
_____/

NO. CIV. S-08-505 LKK/DAD

O R D E R

    On November 12, 2009, plaintiff filed objections to the tentative pretrial order issued by the court on October 29, 2009. These objections included, <u>inter alia</u>, the addition of three disputed factual issues and one point of law. Defendant promptly opposed the addition of two of the disputed factual issues and the point of law. Plaintiff also sought to add numerous discovery documents to the pretrial order and to amend his exhibit list. The court issued an order on November 24, 2009, for plaintiff to file a response addressing defendant's opposition to the addition of the

1

factual issues and point of law as well as to clarify the discovery documents he seeks to admit as direct evidence. The court also ordered that plaintiff's amended exhibit list will replace the list from the tentative pretrial order.

As an initial matter, the court will make the changes indicated in plaintiff's reply, doc. no. 31, to the discovery documents in the final pretrial order.

## I. DISPUTED FACTUAL ISSUES

As to the contested addition of disputed factual issues nos. 55-56, the court will not add these issues to the pretrial statement. These factual issues concern a pattern of retaliation against employees who engaged in protective activities and an annual scheme to terminate employees who engaged in such activities. In plaintiff's reply, he suggests a modification of the proposed factual issues to the following:

> Whether or not AutoZone intentionally waited to terminate Plaintiff until the end of the fiscal year as a common, routine, planned or habitual process of retaliation against an employee who engaged in protective activities during the prior fiscal year?

Plaintiff's Reply to Defndant's [sic] Response to Pretrial Order Objections at 2. Neither the originally suggested additions nor the modification have any support in plaintiff's complaint. At no time in the complaint did plaintiff allege that he was terminated as part of an official or unofficial policy to terminate employees who engaged in protected activities. Moreover, plaintiff does not cite to his complaint at all to support his argument that he is not adding a new claim. If plaintiff had discovered evidence that

2

AutoZone had a practice of terminating individuals who engaged in protected activities at the end of its fiscal year, he could have filed a motion to amend his complaint to reflect this newly discovered evidence before the close of law and motion. However, plaintiff cannot add this new factual dispute at this stage of litigation. Defendant has a right to discovery on plaintiff's claim, and regardless of whether plaintiff's claim is based on a pattern, practice, or process, plaintiff must have at least pled some facts in his complaint to put defendants on notice of this theory. Thus, plaintiff's request to add disputed factual issues nos. 55 and 56 is denied. Plaintiff's unopposed request to add disputed factual issue no. 6 to section F is granted.

## II. POINT OF LAW

Plaintiff also seeks to modify point of law subsection (e) to include a failure to prevent retaliation under FEHA. The tentative pretrial order currently only includes the failure to prevent discrimination. Defendant argues that the point of law should not be amended because plaintiff never pled a failure to prevent retaliation in his complaint, but rather only pled a failure to prevent discrimination. Plaintiff responds that retaliation is a type of discrimination, which was adequately pled in his complaint, and thereby that plaintiff need not have stated the explicit words "failure to prevent retaliation" in his complaint to have a claim for such failure. A substantial portion of the allegations in plaintiff's complaint concern the treatment plaintiff received after informing defendant's

3

1 employees of his disability and seeking to initiate a good faith
2 interactive process for accommodation of his disability.
3 Defendant was thereby on sufficient notice that plaintiff's
4 claim for failure to prevent discrimination included both
5 failure to prevent discrimination because of his disability and
6 to prevent discrimination because of retaliation. For the
7 foregoing reasons, the court will modify the final pretrial
8 order to include both discrimination and retaliation in point of
9 law subsection (e).
10      IT IS SO ORDERED.
11      DATED: December 23, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4