1  LAWRANCE A. BOHM, (SBN 208716)
2  BOHM LAW GROUP
   4600 Northgate Blvd, Suite 210
3  Sacramento, CA 95834
4  Telephone: (916) 927-5574 or 595-2908
5  Facsimile:  (916) 927-2046

6
7  Attorneys for Plaintiff
   RANDY COSBY
8
              UNITED STATES DISTRICT OF COURT
9
10            EASTERN DISTRICT OF CALIFORNIA
11
   RANDY COSBY,
12
              Plaintiff,                  Case No. 2:08-CV-00505-LKK-DAD
13
       vs.
14
   AUTOZONE, INC., JIM KULBACKI and
15 DOES 1-100, inclusive
                                          **DECLARATION OF JOSEPH M.**
16            Defendants.                 **EARLEY III IN SUPPORT OF**
                                          **PLAINTIFF'S APPLICATION FOR**
17                                        **REASONABLE ATTORNEY FEES**
                                          **AND COSTS**
18
19                                        Date:    May 17, 2010
                                          Time:    9:00 a.m.
20                                        Courtroom 4
                                          Judge: Hon. Lawrence K. Karlton
21
22
23
       I, Joseph M. Earley, III, declare as follows:
24
25
262
728
                                    1
Declaration of Joseph M. Earley, III in Support of Plaintiff's
Application for Reasonable Attorney Fees and Costs

COSBY v. AUTOZONE, INC., et al.                              Lawrance A. Bohm, Esq.
                                                                   Bohm Law Group

1.  That I am an attorney at law licensed to practice in all the courts of the State of California. The matters stated herein are of my own personal knowledge, and if called as a witness in this matter, I could competently testify to the truth of the following matters.

2.  I was an attorney of record for the Plaintiff in this action. My hourly rate for this contingency cases is $400.

3.  A true and accurate itemization of services I rendered in this matter through the filing of this motion is attached as Exhibit A to the Declaration of Lawrance A. Bohm and is incorporated herein by reference. Exhibit A contains a summary compiled from documented and detailed time records, file notes, and calendar entries maintained in the regular course of my law practice. Such time expenditures were reasonably necessary for the proper prosecution of this highly contested matter.

### Plaintiff Counsel's Experience and Expertise

4.  I was admitted to the California State Bar in February, 1992. I received my undergraduate B.S. degree from the California State Polytechnic University San Luis Obispo in 1981. I graduated from San Diego State University with a Masters of Science degree in Biochemistry in 1984. I attended the University of Arizona between 1984 and 1988 as a doctoral student in Molecular and Cellular Biology. In 1991, I completed my law degree at Arizona State University at the (now) Sandra Day O'Conner College of Law. I have been an active member of the employment section of the Consumer Attorneys of California for several years.

6.  In 1992, I started my private law practice. I have represented plaintiffs exclusively in employment retaliation cases since 1995 as a solo practitioner. I have tried at least 10 jury

2

trials as a solo practitioner as well as arbitrations. I have extensive experience litigating cases prior to trial and I am capable of making significant strategic and procedural contributions to civil cases. I have successfully appealed several cases to the Third District Court of Appeals and therefore am experienced in identifying and avoiding appealable issues while litigating cases.

7. I met Mr. Bohm in or around June, 2003. At that time he was an associate at the Jackson Lewis firm and we were opposing counsel in an employment retaliatory termination case. I was very impressed by Mr. Bohm's litigation skills. Later, when he opened his own office to exclusively represent plaintiffs, I did not hesitate to associate him in my cases as co-counsel. Mr. Bohm and I have jointly represented various terminated plaintiffs essentially continuously since that time. I have been consistently impressed with Mr. Bohm's litigation skills and knowledge of legal principles applicable to employment cases.

8. When Mr. Bohm asked me to associate into the *Cosby* case (and the companion State Court case, *Kell*) it was necessary to set aside the great majority of my existing active cases in order to provide the assistance Mr. Bohm needed. It was abundantly clear that the AutoZone defendant in those cases was unwilling to entertain settlement options thereby necessitating extremely thorough trial preparation. Ultimately, I was unable to contribute the time resources necessary to pursue the cases to trial due to family and professional time constraints and it was necessary to dissociate from the case. The financial strain caused by this case on Mr. Bohm cannot be overstated.

9. I am familiar with attorney fee market rates for experienced consumer attorneys who litigate cases on a contingency basis. Such market rate is well over $400 per hour. I have reviewed Mr. Bohm's and Mr. Moore's hourly rates and time expended on this matter and they

3

appear to be reasonable and necessary under these circumstances. Given Mr. Bohm's proven abilities, I believe his rate of $375 per hour is significantly below market value. I can certainly corroborate both Mr. Bohm's and Mr. Moore's assertions that the attorney time expended was necessary due to this defendant's lack of interest in settling the case as well as the defense team's obviously more extensive financial resources.

I declare under penalty of Perjury under the laws of the State of California and United States of America that the above is true and correct.

Dated: 4/21/10

Joseph M. Earley, III