1  RICHARD R. GRAY, Bar No. 071030
   BARBARA A. BLACKBURN, Bar No. 253731
2  LITTLER MENDELSON
   A Professional Corporation
3  2520 Venture Oaks Way, Suite 390
   Sacramento, CA 95833.4227
4  Telephone:  916.830.7200
   Fax No.:    916.561.0828
5
   Attorneys for Defendant
6  AUTOZONE, INC.

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 RANDY COSBY,                          | Case No.  2:08-CV-00505-LKK-DAD
12              Plaintiff,               | **DEFENDANT'S OPPOSITION TO
                                          | PLAINTIFF'S APPLICATION FOR
13       v.                              | REASONABLE ATTORNEYS' FEES AND
                                          | COSTS**
14 AUTOZONE, INC., JIM KULBACKI and      |
   DOES 1-100, inclusive,                | Date:      May 24, 2010
15                                        | Time:      9:00 a.m.
                Defendants.              | Ctrm:      4
16                                        | Judge:     Hon. Lawrence K. Karlton

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL ARGUMENT .......................................................................................................... 1

    A. Plaintiff's Lodestar Calculation is Excessive ............................................................ 1

    B. A Multiplier Is Not Justified Under The Circumstances of This Case ...................... 3

        1. Plaintiff Had Only Limited Success at Trial .................................................. 4

        2. This Case Was Not Extraordinarily Complex ................................................ 7

        3. The Contingent Risk Factor Does Not Justify Enhancement ......................... 8

    C. Plaintiff is Not Entitled to "Out-of-Pocket Litigation Costs." ................................... 9

III. CONCLUSION ................................................................................................................... 10

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Chavez v. City of Los Angeles*
   47 Cal. 4th 970 (2010) ............................................................................................................. 5

*Farrar v. Hobby*
   506 U.S. 103 (1992) ................................................................................................................. 4

*Horsford v. Board of Trustees of Calif. State Univ.*
   132 Cal. App. 4th 359 (2005) .................................................................................................. 1

*Ketchum v. Moses*
   24 Cal. 4th 1122 (2001) ................................................................................................... 3, 4, 7

*Nichols v. City of Taft*
   155 Cal. App. 4th 1233 (2007) ................................................................................................ 1

*Perdue v. Kenny A.*
   No. 08-970, 2010 U.S. LEXIS 3481 (April 21, 2010) ............................................................. 3

## STATUTES

Calif. Bus. & Professions Code § 6450(c) ..................................................................................... 9

ii.

TABLE OF AUTHORITIES

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

# I.
# INTRODUCTION

Plaintiff's Application for Reasonable Attorneys' Fees and Costs asks this Court to award him a total of **$1,415,110.00** in fees and costs.

Defendant AutoZone, Inc. does not dispute that Plaintiff was the "prevailing party," but only in a very limited sense. AutoZone prevailed on three out of Plaintiff's five causes of action: (1) disability discrimination; (2) retaliation; and (3) failure to prevent discrimination and retaliation. Plaintiff prevailed on two interrelated claims: (1) failure to provide reasonable accommodation; and (2) failure to engage in the interactive process.

Plaintiff's Application, however, completely ignores that limited success, and makes no effort to apportion the attorney time spent on Plaintiff's two successful claims. This is in spite of the separate and distinct nature of those two claims, both factually and legally.

Moreover, Plaintiff's lodestar calculation contains excessive hours and duplication of effort. Also, Plaintiff does not adequately justify a 2.0 "multiplier" of his lodestar amount. In fact, Plaintiff fails to present any "rare" or "exceptional" circumstances necessary for *any* enhancement. Accordingly, the Court should reduce the requested lodestar amount to a more reasonable level, and should not "enhance" that amount at all.

# II.
# LEGAL ARGUMENT

### A.   Plaintiff's Lodestar Calculation is Excessive

AutoZone does not dispute the reasonableness of lead counsel Lawrance Bohm's hourly rate of $375, nor former co-counsel Joseph Earley's hourly rate of $400.

However, AutoZone does dispute the reasonableness of co-counsel Charles Moore's hourly rate of $450. Mr. Moore practices in San Diego and states that his billing rate "is consistent with other attorneys with similar experience in the San Diego market." (Moore Decl. at 3:25-26.) Out-of-town rates are reasonable only when a party is unable to retain local counsel. Plaintiff has made no such showing. *See Horsford v. Board of Trustees of Calif. State Univ.*, 132 Cal. App. 4th 359, 398 (2005); *Nichols v. City of Taft*, 155 Cal. App. 4th 1233, 1241-1242 (2007).

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:95227237.1 013306.2126                                         Case No.  2:08-CV-00505-LKK-DAD

DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR REASONABLE ATTORNEYS' FEES AND COSTS

Mr. Moore's experience level is generally equivalent to that of Plaintiff's original co-counsel, Joseph Earley. Therefore, a reasonable hourly rate for Mr. Moore *in the Sacramento area* would be the same as for Mr. Earley, i.e., $400 per hour.

Regarding the hours component in Plaintiff's lodestar calculation, there are numerous excesses and inefficiencies. For example, Mr. Bohm's original co-counsel, Joseph Earley, "was unable to contribute the time resources necessary to pursue the cases to trial due to family and professional constraints and it was necessary to dissociate [sic] from the case." (Earley Decl. at 3:20-22.) Thereafter, Mr. Bohm sought out and associated as co-counsel, Mr. Moore. (Bohm Decl. at 7:24-25.) AutoZone should not have to pay for the inefficiency arising from two different attorneys having to "ramp up" on the case.

Second, there was no justifiable reason for Mr. Earley to travel to Albuquerque, New Mexico, *in addition to Mr. Bohm*, for the deposition of Nicole McCollum. (Exhibit A to Bohm Decl. at 68.) Sending two attorneys to an out-of-state deposition is a wasteful duplication of effort.

Third, after October 30, 2009, Mr. Earley's only further involvement with the trial was on February 1-2, 2010, when he spent 16.5 hours accompanying witness Tony Gasero from Northern California so that he could testify at the trial. (Exhibit A to Bohm Decl. at 70.) Mr. Earley's presence at the trial resulted in a *third* attorney being present for Plaintiff, and was not reasonably necessary. Plaintiff made no effort to justify the need for Mr. Earley to essentially "baby-sit" Mr. Gasero.

Fourth, Mr. Bohm engaged in substantial "overkill" regarding the attempted scope of his trial presentation. Large portions of Plaintiff's Trial Brief dealt with matters completely outside the reasonable scope of this case, and were therefore excluded by the Court. Similarly, Plaintiff's massive Exhibit List contained 242 exhibits, most of which were not even used in the case.

Fifth, although Mr. Bohm claims to have reviewed "over 25,000 pages of documents" for this trial (Bohm Decl. at 5:24), the vast majority of those documents were produced or otherwise generated in the *Travis Kell v. AutoZone* case, which was also a disability/retaliation case. However, Mr. Kell was terminated for falsifying a loss prevention audit, not for general unsatisfactory performance like the Plaintiff in this case. (Decl. of Richard R. Gray, ¶ 2.) As Mr. Bohm well

knows, a substantial amount of the documents in question relate to AutoZone's *loss prevention policies*, a central issue in the *Kell* case but not in the present case.[1]

In sum, although Plaintiff's attorneys' hourly rates are reasonable (except for Mr. Moore's), the total number of hours spent by the three attorneys on this case is excessive. There are numerous instances of inefficiency and duplication of effort. Thus, the Court should exercise its discretion in reducing the lodestar amount to a more reasonable figure. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) ("In referring to '*reasonable*' compensation, we indicated that trial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation.")

### B. A Multiplier Is Not Justified Under The Circumstances of This Case.

Plaintiff seeks a 2.0 multiplier, which would result in effective hourly rates of **$750**, **$800**, and **$900**, for Mr. Bohm, Mr. Earley and Mr. Moore, respectively. Although Plaintiff argues that the 2.0 multiplier is necessary "in order to bring attorney fees in line with the market value of the services provided" (Application at 8:15-16), Plaintiff's own supporting declarations state that the market value rates are $375, $400 and $450 per hour, respectively. (*See*, e.g., Decl. of Christopher Whelan at 3:16-18, and Decl. of Elisa Ungerman at 3:16-18.)

The United States Supreme Court very recently enunciated "six important rules" regarding the fee enhancement issue. *Perdue v. Kenny A.*, No. 08-970, 2010 U.S. LEXIS 3481 (April 21, 2010):

> First, a "reasonable" fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case . . . . Section 1988's aim is to enforce the covered civil rights statutes, not to provide "a form of economic relief to improve the financial lot of attorneys . . . ."
>
> Second, the lodestar method yields a fee that is presumptively sufficient to achieve this objective. . . . Indeed, we have said that the presumption is a "strong" one . . . .
>
> Third, although we have never sustained an enhancement of a lodestar for performance, . . . we have repeatedly said that enhancements may be awarded in "rare" and "exceptional" circumstances . . . .

---

[1] In the *Kell* case, AutoZone has recently been served with a Motion for Attorney Fees and Costs in which Mr. Kell's attorneys (the same attorneys as in the present case) are seeking attorneys' fees and costs totaling **$1,788,347.50**.

Firmwide:95227237.1 013306.2126         3.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR REASONABLE ATTORNEYS' FEES AND COSTS

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

> Fourth, we have noted that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorneys' fee," . . . and have held that an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation. . . . We have thus held that the novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors "presumably [are] fully reflected in the number of billable hours recorded by counsel.". . . We have also held that the quality of an attorney's performance generally should not be used to adjust the lodestar "[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.". . .
>
> Fifth, the burden of proving that an enhancement is necessary must be borne by the fee applicant . . . .
>
> Finally, a fee applicant seeking an enhancement must produce "specific evidence" that supports the award . . . . This requirement is essential if the lodestar method is to realize one of its chief virtues, i.e., providing a calculation that is objective and capable of being reviewed on appeal.

*Id.* at *17-19.

These same principles apply under California law:

> Of course, the trial court is not *required* to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors, although it retains discretion to do so in the appropriate case; moreover, the party seeking a fee enhancement bears the burden of proof. . . . We emphasize that when determining the appropriate enhancement, a trial court should not consider these factors to the extent that they are already encompassed within the lodestar. The factor of extraordinary skill, in particular, appears susceptible to improper double counting; for the most part, the difficulty of the legal question and the quality of representation are already encompassed in the lodestar. . . . Thus, a trial court should award a multiplier for exceptional representation only when the quality of representation far exceeds the quality of representation that would have been provided by an attorney of comparable skill and experience billing at the hourly rate used in the lodestar calculation. Otherwise, the fee award will result in unfair double counting and be unreasonable. Nor should a fee enhancement be imposed for the purpose of punishing the losing party.

*Ketchum v. Moses*, 24 Cal. 4th 1122, 1138-1139 (2001).

**1.     Plaintiff Had Only Limited Success at Trial.**

The "most critical factor" in assessing the reasonableness of the fee award is the "degree of success obtained." *Farrar v. Hobby,* 506 U.S. 103, 114 (1992). Plaintiff implicitly defines "success" as simply the amount of compensatory damages awarded, i.e., $1,500,000. (Application at 11:12-13.) For purposes of an attorneys' fees award, however, that definition is too

narrow. As the California Supreme Court very recently stated in *Chavez v. City of Los Angeles*, 47 Cal. 4th 970 (2010):

> Under federal law, when determining a prevailing plaintiff's attorney fees in an action for violation of civil rights (42 U.S.C. § 1988), the extent of a plaintiff's success is a crucial factor . . . . If a plaintiff has prevailed on some claims but not others, fees are not awarded for time spent litigating claims unrelated to the successful claims, and the trial court "should award only that amount of fees that is reasonable in relation to the results obtained." . . .
>
> On this point, California law is consistent with federal law. Although fees are not reduced when a plaintiff prevails on only one of several factually related and closely intertwined claims . . . , "under state law as well as federal law, a reduced fee award is appropriate when a claimant achieves only limited success."

47 Cal. 4th at 989-990 (citations omitted). The Court went on to conclude:

> Because this single successful claim [retaliation under the FEHA] apparently was not closely related to or factually intertwined with plaintiff's many unsuccessful claims, the trial court reasonably could and presumably did conclude that plaintiff was not entitled to attorney fees for time spent litigating those unsuccessful claims.

*Id.* at 990.

Here, the claims upon which Plaintiff prevailed are both legally and factually distinct from the claims on which he did not prevail. Legally, each of Plaintiff's five causes of action has a distinct statutory basis in California's Fair Employment and Housing Act. The failure to provide reasonable accommodation and failure to engage in the interactive process claims are based on Government Code section 12940(m) and 12940(n), respectively. Those two related subsections set forth a discrete affirmative obligation of an employer to reasonably accommodate an employee with a disability.

In contrast, the statutory bases of Plaintiff's unsuccessful causes of action prohibit much broader conduct by an employer. *See* section 12940(a) (prohibiting discrimination "in compensation or in terms, conditions or privileges of employment"), section 12940(h) (making it unlawful for an employer to "discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part..."), and section 12940(k) (making it unlawful for an employer to "fail to take all reasonable steps to prevent discrimination and harassment from occurring").

Firmwide:95227237.1 013306.2126                    5.

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR REASONABLE ATTORNEYS' FEES AND COSTS

Regarding *factual* relatedness, Plaintiff's five causes of action can be broken down in to two groups: (1) failure to provide reasonable accommodation and failure to engage in the interactive process; and (2) disability discrimination, retaliation, and failure to prevent discrimination and retaliation. Factually, the failure to accommodate/interact claims in this case had a finite beginning and end. In January 2006, Plaintiff requested that AutoZone allow him to work from home, and provide someone to drive him to his stores. Instead, AutoZone granted him a one-month leave of absence in order to diagnose and recover from his sleep apnea. When Plaintiff returned from his leave of absence without any further work restrictions, the whole reasonable accommodation/ interactive process issue was *over and done with.*

What happened to Plaintiff thereafter deals exclusively with the disability discrimination/retaliation/failure-to-prevent claims, i.e., Plaintiff receiving the supposedly unwarranted job criticism on March 17, 2006, and ultimately being terminated on September 5, 2006. In other words, Plaintiff alleged that he was criticized and ultimately terminated for taking the leave of absence, for being diagnosed with sleep apnea, and for complaining about disability discrimination at the March 17 meeting.

Because of the separate legal and factual nature of Plaintiff's successful and unsuccessful claims, he should not be awarded attorneys' fees for any time spent prosecuting his *unsuccessful* claims. Further, because Plaintiff lost on his relatively "high exposure" and more factually complex claims, i.e., those involving his allegedly unwarranted job criticism and termination, there can be little doubt that the vast majority of Plaintiff's attorneys' time in this case was spent on his unsuccessful claims.

Put another way, only a small portion of the witnesses' testimony and the trial exhibits had anything to do with whether or not Plaintiff's disability could have been accommodated in January 2006. The issue was simply: allowing him to work from home for a month and providing him a driver vs. granting him a leave of absence.

By contrast, the issue of Plaintiff's job performance as a District Manager, both before and after his one-month leave of absence, consumed substantial amounts of witness time and necessitated numerous exhibits. The same can be said for the issue of whether AutoZone's

Firmwide:95227237.1 013306.2126    6.

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR REASONABLE ATTORNEYS' FEES AND COSTS

termination decision in September 2006 was justified. The pivotal issue, of course, was whether AutoZone's actions were motivated by either disability or retaliatory animus.

In addition, virtually all of the evidence regarding Plaintiff's *damages*, both economic and non-economic, related to the job criticism and termination. Plaintiff's economic expert, Dr. Mahla, went to great lengths to justify his opinion on Plaintiff's past and future lost income arising from his termination. Regarding emotional distress damages, Plaintiff was repeatedly asked on direct examination how the March 17, 2006 meeting, and of course his subsequent termination, made him "feel." He went on and on about how upset he was because of receiving the first unsatisfactory evaluation of his career, the alleged lack of support from Regional Manager Jim Kulbacki, the cab ride home after being terminated, having to explain to his family that he was terminated, etc. All of that testimony related strictly to emotional distress flowing from the alleged disability discrimination and/or retaliation – claims which the jury rejected.

Plaintiff's limited success justifies either a substantial reduction in hours under the lodestar calculation, or a reduction in the total lodestar amount by applying a "multiplier" of less than 1.0, or some combination thereof. Plaintiff's Application completely fails to allocate attorney hours spent on his successful versus unsuccessful claims. There can be little genuine doubt that the predominant claims in this case were Plaintiff's *unsuccessful* claims, both in terms of factual complexity and potential exposure. Accordingly, AutoZone proposes a **50%** reduction in attorney hours as an equitable adjustment to the lodestar, with no enhancement of any kind.

2.     **This Case Was Not Extraordinarily Complex.**

Plaintiff argues that his lodestar fee should be enhanced because his attorney was involved in "grueling" back-to-back employment trials. (Application at 10:25-11:7.) Plaintiff concedes, of course, that this scheduling fluke was "serendipitous." (Application at 10:24.) More importantly, Plaintiff fails to cite any authority that counsel's busy trial calendar is even relevant in assessing the "difficulty" factor for purposes of fee enhancement.

Rather, the relevant factor is the "novelty and difficulty *of the questions involved*." *Ketchum v. Moses,* 24 Cal. 4th 1122, 1132 (2001) (emphasis added). Focusing on "the questions involved," this case presented no novel or extraordinarily difficult legal issues. Indeed, it was pretty

much a garden variety disability discrimination/retaliation case. There was not even a dispute about whether Plaintiff had a physical disability (sleep apnea). The reasonable accommodation issue was relatively straightforward: work at home/provide a driver versus a leave of absence. Moreover, there were *no* pretrial motions (other than the motions in limine) in this case. Thus, the "difficulty" factor does not justify a fee enhancement.

### 3.     The Contingent Risk Factor Does Not Justify Enhancement.

Although the risk of nonpayment inherent in a contingency fee contract may justify an enhancement to the lodestar, in this case the contingent risk factor is neutralized by the two countervailing factors discussed above (i.e., limited success and lack of complexity). Moreover, Plaintiff fails to mention that, presumably, his contingency fee agreement with his attorneys entitles them to at least 33-1/3 percent, and more likely 40 percent, of any monies obtained. (*See* Gray Decl. at ¶ 4.) If Plaintiff's attorneys receive *both* the percentage agreed to by contract as well as a lodestar enhancement, that will result in a windfall.

Nor did Plaintiff present any convincing evidence that his attorneys were precluded to any major degree from engaging in other employment because of this case. Indeed, it appears that, in spite of this case, lead counsel, Mr. Bohm, was engaged in major jury trials both immediately before and immediately after the trial in this case. (Bohm Decl. at 6:26-7:12.)

Plaintiff also argues that "[r]isk in this case was further heightened by Defendant's refusal to offer any amount for settlement, leaving Plaintiff no choice but to risk all at trial." (Application at 10:11-12.) First, Plaintiff cites no authority that a defendant's settlement posture is relevant to the fee enhancement issue. Second, Plaintiff fails to mention that at the October 13, 2009 mandatory settlement conference in the *Kell v. AutoZone* case, Mr. Kell's settlement demand was **$3,000,000 on a take-it-or-leave-it basis**. (Gray Decl. at ¶ 3.) That rigid settlement posture in *Kell* certainly put the damper on any meaningful settlement negotiations in the present case.

Plaintiff's other contingent risk arguments are similarly without merit. Plaintiff argues that "[t]he contingent risk of this case was further exacerbated by the fact that it was tried consecutively after an even larger and more complicated case in State court." (Application at 10:14-15.) Not only does Plaintiff not cite any authority for the foregoing, but he also fails to explain

Firmwide:95227237.1 013306.2126                          8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento CA 95833 4227
916 830 7200

DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR REASONABLE ATTORNEYS' FEES AND COSTS

exactly how the fact that his attorney represented a plaintiff in another case against AutoZone "exacerbates" the contingent risk in the present case. If anything, the knowledge and insight gained in the *Kell* case would *benefit* Plaintiff's attorney in trying the present case – "economies of scale," so to speak.

Similarly, Plaintiff fails to cite any authority or explain how the fact that his attorney "knew from the start that he was up against a large multi-national corporation with virtually unlimited resources" (Application at 10:18-19), might increase Plaintiff's contingent risk. This is nothing more than a convenient mantra based on stereotypical assumptions, rather than facts. The opposite stereotype, i.e., that the sympathy factor favors an individual plaintiff over a large corporation in front of a jury, is equally if not more plausible.

In sum, Plaintiff has not satisfied his burden of proving any "rare" or "exceptional" circumstances necessary to overcome the "strong presumption" that the lodestar figure is sufficient, by itself, to compensate his attorneys.

C.   **Plaintiff is Not Entitled to "Out-of-Pocket Litigation Costs."**

Plaintiff seeks a total "paralegal expense" of **$48,780**. Mr. Bohm's own Declaration, however, is contradictory in that, on the one hand he states that "[a]ll work is performed on a purely contingent basis" (4:7), yet on the other hand, he states "[t]hese [paralegal] charges are ordinarily and regularly chargeable to the client at $100 per hour" (8:3-4). Plaintiff fails to produce the actual contingency fee agreement, which could resolve this apparent contradiction. Moreover, Plaintiff fails to cite any authority for the recovery of uncharged paralegal time as a supposedly "out-of-pocket" litigation cost.

Finally, although Plaintiff loosely refers to Andrea Jennings, Randolph Torres and Angela Williams as "paralegals," a review of their respective resumes indicates that only Angela Williams is actually a paralegal. (Exhibit B to Bohm Decl.) It is clear from the resumes of Ms. Jennings and Mr. Torres that they are *not* certified paralegals. *See* Calif. Bus. & Professions Code § 6450(c). As general administrative support staff, therefore, their time is included in Mr. Bohm's administrative overhead, and should not be listed separately as "paralegal" time.

Plaintiff also seeks recovery of his "expert costs," but without citation to any

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:95227237.1 013306.2126                                     9.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR REASONABLE ATTORNEYS' FEES AND COSTS

authority. Further, Plaintiff's economic expert, Dr. Mahla, testified primarily about Plaintiff's past and future economic losses *resulting from his termination*. As such, those losses relate to Plaintiff's disability discrimination and/or retaliation claims. Plaintiff should not be reimbursed for expenses incurred in pursuing his unsuccessful claims.

## III. CONCLUSION

For the foregoing reasons, the Court should reduce Plaintiff's requested lodestar amount to a more reasonable level, and should not "enhance" that amount at all. Further, AutoZone requests the Court, in ruling on Plaintiff's Application for Reasonable Attorneys Fees and Costs, to provide a statement of decision with specific findings.

Dated: May 10, 2010                     Respectfully submitted,


*/s/ Richard R. Gray*
RICHARD R. GRAY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
AUTOZONE, INC.

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:95227237.1 013306.2126                     10.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR REASONABLE ATTORNEYS' FEES AND COSTS