UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY COSBY,

        Plaintiff,

    v.

AUTOZONE, INC., JIM KULBACKI
and DOES 1-100, inclusive,

        Defendants.
_____/

NO. CIV. S-08-505 LKK/DAD

O R D E R

On December 16, 2010, the court issued an order that set forth the manner in which the court will award attorney's fees to plaintiff. (Doc. No. 143). The court also requested supplemental briefing on two issues. First, the court ordered the parties to brief whether Dr. Mahla's expert report and/or testimony was related to the claims upon which judgment was entered in favor of plaintiff. For the reasons discussed below, the court finds that the report and testimony shall be taxed. Second, the court informed the parties of its intention to stay the fee award pending

1

resolution of defendant's appeal and invited the parties to file objections. No objections were filed, and thus the fee award is stayed pending resolution of defendant's appeal. This sequence, however, provides the court with an opportunity to further consider the motion for remittitur.  As I explain, the recovery of Dr. Mahla's costs depends on an explanation of the jury's verdict. So, I begin with that.

On March 17, 2010, defendant filed a motion for a new trial or for remittitur. (Doc. No. 97). In support of that motion, defendant argued that the jury award to plaintiff for lost wages and benefits in the amount of $174,000 was excessive and contrary to the evidence because plaintiff only prevailed on his claims of failure to engage in the interactive process and failure to provide reasonable accommodation. Accordingly, defendant contended that, "[T]here is indisputably no evidence in the record, nor any reasonable inference, to support a past wage loss of $174,000 for being off work for less than a month." Id. at 4. Defendant's reasoning was that $174,000 represented the economic losses plaintiff incurred as a result of his termination, and the jury found for defendant on plaintiff's claims relating to his termination, namely disability discrimination and retaliation.

The motion was heard on April 19, 2010. At this hearing, the court denied the motion on the grounds that, inter alia, the award was supported by the evidence. It is an explanation of that determination that determines the issue of the recovery of costs.
////

1       The court would be less than frank if it did not find the
2 issue of the economic damages awarded by the jury troublesome.
3 Respect for the jury's function as fact finder, and appropriate
4 modesty, requires any court to give significant deference to the
5 verdict. Nonetheless, the fact that the law permits a judge to
6 order remittitur on pain of granting a new trial is demonstration
7 of the need for judges to be cognizant of the possibility of a jury
8 awarding unjustified damages. Thus, to put it plainly, there must
9 be some rational for the jury's verdict. As I now briefly explain,
10 I believe there is such a rationale.
11       It is difficult to deny that it appears that the jury's award
12 of past lost damages must include those wages lost by virtue of
13 plaintiff's termination by defendant. The question which the court
14 answered by its denial of a remittitur was that the evidence was
15 sufficient for the jury to draw an inference of a causal connection
16 between the defendant's unlawful acts and the termination. This is
17 so even though discrimination was not the motivation for the
18 termination.
19       It is useful to examine the jury verdict forms and the
20 instructions in considering the issue. For the two claims upon
21 which the plaintiff prevailed, the jury found that defendant's
22 unlawful activity was a "substantial factor" in causing plaintiff's
23 harm. Examination of instruction 34 demonstrates that where various
24 causes combine to cause harm each may be said to be a cause.
25       The defendant prevailed in the discrimination and retaliation
26 claims. For these, the jury declined to find causation. The jury

3

verdict and instructions as to these claims describe causation as a "motivating reason" rather than a substantial factor. <u>See</u> Jury Instructions Nos. 21, 26. The instructions provide that "a motivating reason is a reason that contributed to the decision to take action, even though other reasons may have contributed to the action."

In sum, a reasonable juror might distinguish the causation element in the discharge from the failure to accommodate claims that do not require a particular intent on the part of the defendant. Nonetheless, the jury is asked if the defendant's failure to accommodate was one of the independently operating factors that caused harm. This is in accordance with California law which holds that the failure to provide reasonable accommodations is a violation in and of itself. <u>King v. United Parcel Service, Inc.</u> 152 Cal. App. 4th 426, 442 (2007). No inference of discriminatory intent is required.

All the above suggests that the jury made the distinction described above when they awarded damages for lost wages resulting from the termination on the failure to accommodate claim. Under such circumstances the jury's verdict must be upheld.

As the court previously discussed, plaintiff is only entitled to recover fees and costs relating to claims upon which he prevailed. <u>See</u> Cal Gov't Code § 12965(b). Thus, the court determined that the jury reasonably concluded that damages resulting from plaintiff's subsequent termination were recoverable for the claims upon which plaintiff prevailed. Dr. Mahla's expert

4

report and testimony concerned an analysis of economic losses plaintiff incurred as a result of his termination. Thus, Dr. Mahla's expert report and testimony is taxable.

For the foregoing reasons, the court ORDERS as follows:

(1) Defendant SHALL BE TAXED the cost of Dr. Mahla's expert report and testimony.

(2) The award of attorneys' fees is stayed pending resolution of defendant's appeal.

IT IS SO ORDERED.

DATED: February 8, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5