UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY COSBY,

       Plaintiff,

  v.

AUTOZONE, INC., JIM KULBACKI and DOES 1-100, inclusive,

       Defendants.

NO. CIV. S-08-505 LKK/DAD

<u>O R D E R</u>

_____/

    On January 10, 2012, the court issued an order in the above-captioned case: (1) remitting the economic damage award for Plaintiff from $174,000 to $4,917.60; (2) remitting the non-economic damage award for Plaintiff from $1,326,000 to $250,000.00; and (3) denying Plaintiff's request for additur to the punitive damage award. Order, ECF No. 172. The court also ordered Plaintiff, within twenty-one days of the filing of the order, to inform the court in writing as to whether he consents to the remitted damages award, seeks a new trial, or plans to appeal the

1

1  remittitur. <u>Id.</u>

2  On January 17, 2012, Plaintiff filed a request for
3  clarification of the court's January 10, 2012 order. Pl's Req.,
4  ECF No. 173. Specifically, Plaintiff seeks a hearing or ruling
5  from this court providing clarification as to the following
6  questions: (1) "If Plaintiff elects a new trial rather than
7  remittitur, must Plaintiff present evidence that his termination
8  was caused by Defendant's failure to accommodate?" and (2) "Can
9  Plaintiff accept remittitur of the non-economic damages and elect
10 a new trial on punitive damages only?". <u>Id.</u> at 1-2.

11 As to Plaintiff's first question, the court refers to the
12 Ninth Circuit's finding that:

> In the event Mr. Cosby refuses remittitur, a new trial will go only to the issue of damages. The issues of liability and damages are distinct, and there is no evidence in the record--and neither party contends--that any passion or prejudice affected the jury's verdict on liability.

17 <u>Cosby v. AutoZone, Inc.</u>, 2011 WL 3267704, at *2 (9th Cir. Aug. 1,
18 2011). Thus, because the Ninth Circuit specifically provided that
19 a new trial would go only to the issue of damages, upon electing
20 a new trial, Plaintiff will *not* be required to present evidence
21 that his termination was caused by Defendant's failure to
22 accommodate.

23 As to Plaintiff's second question, the court has stated that
24 "the new trial will address Plaintiff's economic, non-economic, and
25 punitive damage awards." Order, ECF No. 172, at 7. Plaintiff may
26 either accept the remitted damages award as a whole, including the

1  economic, non-economic, and punitive damage awards as remitted in
2  the January 10, 2012 order, or Plaintiff may elect a new trial on
3  the issue of damages as a whole, including economic, non-economic,
4  and punitive damage awards. Plaintiff *may not* accept remittitur of
5  the non-economic damages and elect a new trial on punitive damages
6  only.
7       IT IS SO ORDERED.
8       DATED:  January 24, 2012.

```
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```