UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY COSBY,

        Plaintiff,

   v.

AUTOZONE, INC., JIM KULBACKI
and DOES 1-100, inclusive,

        Defendants.
_____/

NO. CIV. S-08-505 LKK/DAD

O R D E R

This case arises under California's Fair Employment and Housing Act, and was removed to the district court based on diversity jurisdiction. Following a trial in which the jury awarded Plaintiff Randy Cosby $1,500,000, Defendant AutoZone appealed the jury award to the Ninth Circuit, which instructed the district court to order remittitur of the damage award with the option of a new trial on damages. Plaintiff did not accept the damages award as remitted and opted for a new trial on damages.

Now before the court is Defendant's motion for reconsideration

of this court's order regarding the new trial on damages, Def's Mot., ECF No. 179, which Plaintiff opposes, Pl's Opp'n, ECF No. 181. For the reasons provided below, the court grants Defendant's motion for reconsideration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 2008, Plaintiff Randy Cosby brought this diversity action against Defendant Autozone, Inc., under California's Fair Employment and Housing Act. Not. Removal, ECF No. 1. After a jury trial in which AutoZone was found liable for failure to both provide reasonable accommodation and engage in the interactive process, Mr. Cosby was awarded $174,000 for lost wages and benefits; awarded $1,326,000 for past mental suffering; and denied punitive damages. See Jury Verdicts, ECF Nos. 81, 82, 83.

After trial, AutoZone filed a motion for a new trial or remittitur, which this court denied. Def's Mot., ECF No. 97; Min. Order, ECF No. 106. AutoZone appealed to the Ninth Circuit, which reversed this court's decision and remanded the case, instructing this court to order remittitur with the option of a new trial on damages. Ninth Cir. Order, ECF No. 149. The Ninth Circuit specifically made the following determinations:

> The jury awarded Mr. Cosby $1,326,000 in non-economic damages, and the evidence in this case simply cannot support this amount. Even by Mr. Cosby's own description, he testified that, after his medical leave, he came back to AutoZone without any restrictions and that his supervisor, Jim Kulbacki, made supportive comments. Mr. Cosby described himself as being only slightly upset at being forced to take medical leave. It is also not clear how the sexual harassment investigation was caused by, or how the course of its proceedings was

> *affected by, AutoZone's failure to accommodate or to engage in the interactive process. Indeed, Mr. Cosby's name was cleared in the investigation. Even if the jury found that AutoZone's failure reasonably to accommodate contributed to his later termination, the evidence is insufficient to support the non-economic award. Mr. Cosby testified extensively regarding mental suffering on the day of his termination. After his termination, however, Mr. Cosby eventually found satisfactory employment, and there is no evidence of any enduring mental suffering. Accordingly, we remand the issue of both economic and non-economic damages to the district court for remittitur with the option of a new trial on damages. . . . In the event Mr. Cosby refuses remittitur, a new trial will go only to the issue of damages. The issues of liability and damages are distinct, and there is no evidence in the record--and neither party contends-- that any passion or prejudice affected the jury's verdict on liability.*

Id., at 4-5 (emphasis added).

On January 10, 2012, this court remitted the economic damage award for Plaintiff from $174,000 to $4,917.60. Order, ECF No. 172, at 8. The court remitted the non-economic damage award for Plaintiff from $1,326,000 to $250,000. Id. Additionally, the court denied Plaintiff's request for additur to the punitive damage award. Id.

Plaintiff requested clarification of the court's January 10, 2012 order, and asked the following questions: (1) "If Plaintiff elects a new trial rather than remittitur, must Plaintiff present evidence that his termination was caused by Defendant's failure to accommodate?"; and (2) "Can Plaintiff accept remittitur of the non-economic damages and elect a new trial on punitive damages only?". Pl's Req., ECF No. 173, at 1-2.

In response, the court issued an order providing that, as to

3

Plaintiff's first question, "because the Ninth Circuit specifically provided that a new trial would go only to the issue of damages, upon electing a new trial, Plaintiff will *not* be required to present evidence that his termination was caused by Defendant's failure to accommodate." Order, ECF No. 174, at 2. As to Plaintiff's second question, the court determined that "Plaintiff may either accept the remitted damages award as a whole, including economic, non-economic, and punitive damage awards as remitted in the January 10, 2012 order, or Plaintiff may elect a new trial on the issue of damages as a whole, including economic, non-economic, and punitive damage awards." Id. at 2-3. The court further provided that "Plaintiff *may not* accept remittitur of the non-economic damages and elect a new trial on punitive damages only." Id. at 3 (emphasis included). On January 31, 2012, Plaintiff responded to the court's order by rejecting the damages award as remitted and filing a request for a new trial on damages. Pl's Req., ECF No. 175.

On February 7, 2012, Defendant filed a notice of appeal to the Ninth Circuit, for interlocutory review of the portion of this court's January 10, 2012 order specifically providing that any new trial would include punitive damages in addition to compensatory damages. Def's Not., ECF No. 176. Defendant specifically argued that, in the instant case:

> [T]he District Court has acted outside of its jurisdiction in that (1) no party ever moved for a new trial on punitive damages; (2) the District Court's ordering of a new trial on punitive damages on its own initiative is outside the time period

4

> permitted by Fed.R.Civ.Pro. 59(d) for such an action; and (3) as no party challenged the size of the original punitive damage award in the earlier Ninth Circuit proceeding (USCA No. 10-16189) and the Ninth Circuit in ruling on the compensatory damages award nowhere addressed, or had cause to address, the punitive damage award, the District Court's order of a new trial as to punitive damages is outside the letter and/or spirit of the Ninth Circuit's mandate.

Id. at 2.

**A. Arguments of the Parties**

On February 10, 2012, Defendant filed a motion for reconsideration, which is presently before the court. Def's Mot., ECF No. 179. Defendant specifically contests the court's determination "that Plaintiff will not be required to present evidence that his termination was caused by AutoZone's failure to accommodate." Id. at 2. Defendant argues that "regardless of whether *liability* is no longer in dispute, causation certainly is," and that "[n]othing in the Ninth Circuit's decision suggests anything to the contrary." Id. at 5. Defendant further asserts that "[a] new trial on damages must inherently include causation of any such damages because a jury cannot be expected to properly evaluate the extent of Plaintiff's damages without evaluating whether those damages were in fact caused by AutoZone's failure to accommodate/interact." Id. Defendant continues by stating that the court's January 25, 2012 order improperly "holds *as a matter of law* that whatever emotional distress damages Plaintiff suffered as a result of his termination were in fact caused by AutoZone's failure to accommodate/interact." Id. at 6.

5

1  As an additional matter, Defendant asserts that, in spite of
2 the Defendant's pending interlocutory appeal, the instant motion
3 for reconsideration is procedurally proper because "the causation
4 of damages issue is separate from, and collateral to, [the]
5 punitive damages issue," and because, "if AutoZone's motion for
6 reconsideration is granted and resolved in AutoZone's favor, it
7 could change Plaintiff's decision to opt for a new trial, and
8 thereby render the appeal on the punitive damages issue moot."  Id.
9 at 3.

10  Plaintiff opposes Defendant's motion for reconsideration and
11 argues, inter alia, that: (1) "AutoZone's Brief re: Remittitur or
12 New Trial on Damages raised the same arguments asserted in
13 Auto[Z]one's Motion for Reconsideration" and AutoZone presents "no
14 new argument" in its motion for reconsideration; (2) "no new trial
15 can proceed until the punitive damages appeal is resolved" by the
16 Ninth Circuit; (3) AutoZone's present argument "ignores the jury's
17 verdicts finding that AutoZone engaged in unlawful conduct that
18 caused damages to Cosby"; and (4) "AutoZone did not request that
19 there be a separate question on the jury forms whether the failure
20 to accommodate/interact caused the termination."  Pl's Opp'n, ECF
21 No. 181, at 2-4.

**II.   STANDARD FOR A MOTION FOR RECONSIDERATION**

Federal Rule of Civil Procedure 60(b) provides: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" in the case of mistake or excusable neglect, newly discovered evidence, fraud, a judgment that is void,

6

1  satisfaction of the judgment, or for "(6) any other reason that
2  justifies relief." Fed.R.Civ.P. 60(b).  This catch-all provision
3  of Rule 60(b)(6) "vests power in courts adequate to enable them to
4  vacate judgments whenever such action is appropriate to accomplish
5  justice." Klapprott v. United States, 335 U.S. 601, 615, 69 S.Ct.
6  384, 93 L.Ed. 266 (1949).  Rule 60(b) "attempts to strike a proper
7  balance between the conflicting principles that litigation must be
8  brought to an end and that justice should be done." Delay v.
9  Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007) (citing 11 Wright &
10 Miller Federal Practice & Procedure § 2851 (2d ed. 1995)).
11 Nonetheless, in order to seek relief under Rule 60(b)(6), the
12 movant must demonstrate "extraordinary circumstances." Liljeberg
13 v. Health Services Acquisition Corp., 486 U.S. 847, 864, 108 S.Ct.
14 2194, 100 L.Ed.2d 855 (1988) (quoting Ackermann v. United States,
15 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).

16      In addition, Local Rule 230(j) applies to motions for
17 reconsideration filed in the Eastern District.  That rule requires
18 the movant to brief the court on, inter alia, "what new or
19 different facts or circumstances . . . were not shown upon such
20 prior motion, or what other grounds exist for the motion; and . .
21 . why the facts or circumstances were not shown at the time of the
22 prior motion."  L.R. 230(j)(3)-(4).

### III. ANALYSIS

24    In Defendant's brief regarding remittitur or a new trial on
25 damages, Defendants raised similar arguments to those presented
26 here.  Specifically, Defendant argued that "the Ninth Circuit,

7

implicitly, but also clearly, found the requisite causal connection lacking between Cosby's failure to accommodate/interact claims and any damages arising from his subsequent termination from employment". Def's Mot., ECF No. 169, at 6-7.

This court rejected Defendant's argument. Order, ECF No. 172, at 6. The court reasoned:

> [T]he Ninth Circuit provided, "Even if the jury found that AutoZone's failure reasonably to accommodate contributed to his later termination, the evidence is insufficient to support the non-economic award." The conditional structure of this sentence necessarily considers, as opposed to invalidates, any causal link the jury drew between AutoZone's failure to accommodate and Mr. Cosby's subsequent termination. The court therefore considers it proper to take into account Mr. Cosby's testimony as to his emotional state following his termination in the remittitur on non-economic damages.

Id. (internal citations omitted). However, upon reconsideration of the court's January 25, 2012 order, ECF No. 174, the court here determines that even though the Ninth Circuit affirmatively considered a causal link between the jury's finding that AutoZone failed to accommodate and Plaintiff's subsequent termination, that consideration does not take the place of an explicit finding that the damages Plaintiff suffered due to his termination were, at least in part, caused by Defendant's failure to accommodate.

Moreover, although the jury verdict form explicitly provides that the jury found that "AutoZone's failure to participate in a good-faith interactive process [was] a substantial factor in causing harm to Randy Cosby," see Verdict, ECF No. 83, at 2, the verdict form does not address the precise question of the causal

8

connection between Defendant's failure to accommodate and the harm Mr. Cosby suffered as a result of his termination. Plaintiff correctly notes that "AutoZone did not request that there be a separate question on the jury forms whether the failure to accommodate/interact caused the termination," and therefore, Defendant's contestations after trial serve to prolong this litigation. However, in the interests of justice, the court cannot here substitute its assumption that the jury based its non-economic damages award on its finding of Defendant's liability for an explicit finding thereon. For these reasons, the court GRANTS Defendant's motion for reconsideration, ECF No. 179. Upon electing a new trial, Plaintiff *will* now be required to present evidence that his termination was caused, at least in part, by Defendant's failure to accommodate and/or engage in the interactive process.

    The court, however, reaffirms that taking into account Mr. Cosby's testimony as to his emotional state following his termination in remitting the non-economic damage award was proper. The findings in the court's January 10, 2012 order regarding the remittitur of Plaintiff's damage awards therefore remain. Plaintiff is, however, granted twenty-one (21) days from the issuance of this order to inform the court in writing whether he: (1) consents to the remitted damages award, given the court's clarification that, upon electing a new trial, he must present evidence that his termination was caused by Defendant's failure to accommodate; (2) seeks a new trial; or (3) plans to appeal the remittitur.

**IV. CONCLUSION**

Accordingly, the court orders as follows:

[1] Defendants' motion for reconsideration, ECF No. 179, is GRANTED.

[2] The court's prior order, ECF No. 174, is VACATED only insofar as it relates to Plaintiff's required offers of proof upon electing a new trial.

[3] Plaintiff's request for a new trial, ECF No. 175, is VACATED.

[4] Plaintiff SHALL, within twenty-one (21) days from the issuance of this order to inform the court in writing whether he: (1) consents to the remitted damages award, given the court's clarification that, upon electing a new trial, he will have to present evidence that his termination was caused by Defendant's failure to accommodate; (2) seeks a new trial; or (3) plans to appeal the remittitur.

[5] A status conference is SET for June 18, 2012, at 3:00 P.M.

IT IS SO ORDERED.

DATED: April 24, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT